UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| AVENUE MUSICIANS & ARTISTS, LLC | CIVIL ACTION |
| VERSUS | NO: 16-3124 |
| HUDSON SPECIALTY INSURANCE CO. and STONE INSURANCE, INC. | SECTION: "A" (1) |

## ORDER AND REASONS

Before the Court is a **Motion to Remand (Rec. Doc. 7)** filed by plaintiff Avenue Musicians & Artists, LLC. Defendant Hudson Specialty Insurance Co. opposes the motion. The motion, noticed for submission on May 18, 2016, is before the Court on the briefs without oral argument.

The sole issue presented by Plaintiff's motion to remand is whether all parties properly joined are of diverse citizenship. Plaintiff filed this lawsuit in state court against both its property insurer, Hudson Specialty, and its insurance broker, Stone Insurance. Hudson removed the case alleging that Plaintiff had improperly joined Stone. If Stone is properly joined then it destroys diversity and the case must be remanded. But if Stone is improperly joined then the case will remain in federal court because diversity jurisdiction is satisfied as to the claims between Plaintiff and Hudson.

The removing defendant can establish improper joinder by demonstrating the inability of the plaintiff to establish a cause of action against the non-diverse party in state

court. *Davidson v. Georgia-Pacific, LLC*, — F.3d — , 2016 WL 1567616, at *4 (5th Cir. Apr. 19, 2016) (quoting *Mumfrey v. CVS Pharm., Inc.*, 719 F.3d 392, 401 (5th Cir. 2013)). The test is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant; stated differently, this means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant. *Id.* (quoting *Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc)).

In determining whether the non-diverse defendant is improperly joined, the Court does not delve into matters of subjective intent such as motive or purpose. *Id.* at *7 (citing *Smallwood*, 385 F.3d at 574). Instead, the Court examines the allegations contained in the complaint to determine if the plaintiff could survive a Rule 12(b)(6) challenge. *Davidson*, 2016 WL 1567616, at *4. If the plaintiff could survive such a challenge then there is no improper joinder. *Id.*

Turning to Plaintiff's Complaint, the allegation against Stone is that the amounts of coverage placed with Hudson were lower than what was needed to effectively cover the loss at issue in this case. (Rec. Doc. 1-1, Petition at ¶ 11). Plaintiff alleges that Stone negligently failed to procure sufficient coverage for the risk that Plaintiff sought to insure. *Id.* Specifically, Plaintiff alleges that Stone was negligent for failing to procure insurance with sufficient coverage, failing to assess the type and value of the risks for which Plaintiff sought coverage, causing Plaintiff to believe that it had sufficient coverage, failing to advise Plaintiff that the property was inadequately insured, failing to advise Plaintiff that additional insurance was required, and failing to obtain additional insurance or attempting to alter the

existing insurance. *Id.* ¶ 12.

At the outset, the Court points out that the question whether these allegations state a claim under Louisiana law proceeds according to the bedrock principles of *Erie v. Tompkins*, 304 U.S. 64 (1938), which require a federal court sitting in diversity to apply the law of the state as declared by its legislature or the state's highest court. The law of the state is not determined by the rulings of other federal district courts. That said, the Louisiana Supreme Court case of *Isidore Newman School v. J. Everette Eaves, Inc.*, 42 So. 3d 352 (La. 2010), is on point and controls in this case. In *Newman*, the Louisiana Supreme Court explained:

> An agent has a duty of "reasonable diligence" to advise the client, but this duty has not been expanded to include the obligation to advise whether the client has procured the correct amount or type of insurance coverage. It is the insured's responsibility to request the type of insurance coverage, and the amount of coverage needed. It is not the agent's obligation to spontaneously or affirmatively identify the scope or the amount of insurance coverage the client needs.

*Id.* at 359.

The Court is persuaded that the allegations against Stone fall squarely within the ambit of the general type of agent/broker duties that the Louisiana Supreme Court rejected in *Newman*. Neither the Complaint nor the Villarubia affidavit recite or allude to facts that suggest that Stone assumed any duties beyond those imposed by Louisiana law. Hudson has met its burden of establishing that Stone was improperly joined and that its citizenship can be ignored for purposes of exercising diversity jurisdiction.

Stone has filed its own Rule 12(b)(6) motion to dismiss but the Court has no jurisdiction to entertain this motion. The concept of improper joinder allows a federal court to ignore the presence and citizenship of the improperly joined party in order to exercise

jurisdiction over the claims between the remaining parties—it does not allow the Court to ignore the basic tenets of diversity jurisdiction by entertaining dispositive motions filed by the non-diverse party.[1]  The Court will on its own motion dismiss Stone from this lawsuit but the dismissal will not be "with" prejudice.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Remand (Rec. Doc. 7)** filed by plaintiff Avenue Musicians & Artists, LLC is **DENIED**;

**IT IS FURTHER ORDERED** that the **Motion to Dismiss (Rec. Doc. 4)** filed by Stone Insurance, Inc. is **DISMISSED** for lack of jurisdiction;

**IT IS FURTHER ORDERED** that the claims of plaintiff Avenue Musicians & Artists, LLC against the non-diverse defendant Stone Insurance, Inc. are **DISMISSED** without prejudice. The Court sees no just reason to delay the entry of judgment as to the claims between these parties so a Rule 54(b) partial judgment shall be entered.

June 6, 2016

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

---

[1] Any dismissal with prejudice would be a determination "on the merits" and would require subject matter jurisdiction. *See Cox, Cox, Camel & Wilson, LLC v. Sasol N. Am., Inc.*, 544 Fed. Appx. 455 (5th Cir. 2013) (unpublished). The Court lacks subject matter jurisdiction over the claims between Plaintiff and Stone because they are not completely diverse in citizenship.